UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

SCOTT MILLER,  }
ON BEHALF OF HIMSELF AND  }
ALL OTHERS SIMILARLY SITUATED,  }
  }
      Plaintiff,  } Civil Action, File No.
  v  } 19-cv-3190
  }
D & A SERVICES, LLC  }
A/K/A  D & A SERVICES, LLC OF IL,  }
  }
      Defendant.  }

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Scott Miller [hereinafter "Miller"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, D & A Services, LLC a/k/a D & A Services, LLC of IL ("D & A"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on D & A's regular transaction of business within this district. Venue in this district also is proper based on D & A possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. D & A also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Miller is a natural person who resides at 1 Adams Avenue, Selden, NY 11784.

6. Miller is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 11, 2018, D & A, on behalf of Bank of America, N.A., sent Miller the letter annexed as Exhibit A. Miller received and read Exhibit A. For the reasons set forth below, Miller's receipt and reading of Exhibit A deprived Miller of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, D & A sent Exhibit A to Miller on behalf of Bank of America, N.A. in an attempt to collect a past due debt due to Second Round Limited Partnership.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Bank of America, N.A. for his individual use, allegedly individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, allegedly failing to pay for these charges. D & A, via Exhibit A, attempted to collect this past due debt from Miller on behalf of Bank of America, N.A. in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. D & A is an Illinois Professional Service Limited Liability Company and a New York Foreign Professional Service Limited Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. D & A possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon D & A possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of D & A is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, D & A sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, D & A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Current Balance" of $5,457.39.

17. On the date of Exhibit A Bank of America, N.A. was not accruing interest, late charges, and/or other charges on the "Current Balance" of $9,760.60 set forth in Exhibit A

18. Based on the above, Defendant violated 15 USC 1692g, 15 USC § 1692e, 15 USC § 1692e(2)(A) and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the

"current" balance or describing the balance as the "current" balance.

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

20. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

22. By sending Exhibit A to Miller, D & A violated 15 USC 1692g.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24. The class consist of (a) all natural persons (b) who received a letter from D & A dated between January 11, 2018 and the present, (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

25. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

27. The predominant common question is whether Defendant's letters violate the FDCPA.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

29. A class action is the superior means of adjudicating this dispute.

30. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against D & A in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      May 29, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107